Filed 12/8/23  P. v. Wagner CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050209 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 201285) |
| v. | |
| CLINTON WAGNER, | |
| Defendant and Appellant. | |

### THE COURT[1]

Clinton Wagner appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[2]  Counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Wagner subsequently filed supplemental briefs on his own behalf.  For the reasons set forth below, we affirm the order.

### I. PROCEDURAL BACKGROUND[3]

In 1998, a jury convicted Wagner and his codefendant, Ayana Green, of first degree murder.  Green was tried as the direct perpetrator of the murder, and Wagner was tried as an aider and abettor to Green.  The court sentenced Wagner to a term of 25 years

---

[1] Before Greenwood, P. J., Grover, J., and Lie, J.

[2] All statutory references are to the Penal Code, unless otherwise stated.  Wagner filed his petition under former section 1170.95.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6 with no substantive change.  (Stats. 2022, ch. 58, § 10.) For clarity, we will cite to current section 1172.6 throughout this opinion.

[3] The underlying facts are not relevant to the issues raised on appeal.

to life in prison.  We affirmed both defendants' convictions in *People v. Green, et al.* (Mar. 13, 2001, H018964 [nonpub. opn.] (*Green*).)

In 2019, Wagner filed his first petition pursuant to former section 1170.95 (2019 petition).[4]  In the petition, Wagner asserted that he was convicted of murder under a felony murder theory of the offense and was entitled to relief under that provision.  The trial court appointed counsel to represent Wagner and invited both sides to file written responses.  In its response, the prosecution argued that Wagner was ineligible for relief because he was "convicted as a direct aider and abettor of murder."  The prosecution attached jury instructions from Wagner's trial, which showed that the jury was not instructed on either the felony murder rule or the natural and probable consequences doctrine.  The instructions showed that the jury was instructed on direct aiding and abetting principles.  Wagner's counsel did not file a reply.

The trial court denied the 2019 petition at the prima facie stage, concluding that Wagner "was not and could not have been convicted of first degree murder under the natural and probable consequences or felony murder doctrines."  The jurors in Wagner's case "were not instructed on either doctrine; rather, as to [Wagner's] potential liability for murder, the jury was *only* instructed on direct aiding and abetting principles."  Thus, "in finding [Wagner] guilty of first degree murder, the jury necessarily found him culpable for murder based on his own actions and mental state as a direct aider and abettor of murder."

Wagner appealed from the denial of the 2019 petition.  (*People v. Wagner* (Aug. 17, 2021, H048840) [nonpub. opn.].)  The sole issue Wagner raised on appeal was "whether the trial court is permitted to review the record of conviction at the prima facie stage" when considering his petition.  Relying on *People v. Lewis* (2021) 11 Cal.5th 952, we concluded that the trial court may rely on the record of conviction in making this

---

[4] On June 28, 2023, we granted Wagner's request to take judicial notice of the appeal from the denial of his 2019 petition, in case No. H048840.

initial determination. We further concluded that Wagner's record of conviction—namely the jury instructions—"establish[ed] Wagner's ineligibility [under former section 1170.95] without the need for any factfinding." We affirmed the trial court's order.

In 2022, Wagner filed a second petition by completing a Resentencing Petition form.[5] On the form, Wagner checked the requisite boxes alleging, (1) that a complaint or information was filed against him that allowed the prosecution to charge him with murder and proceed under the felony murder rule, the natural and probable consequences doctrine, or other theory under which malice is imputed to him based solely on his participation in a crime, (2) that he was convicted of murder, and (3) that he could not presently be convicted of murder under the ameliorative changes set forth in Senate Bill No. 1437 (2017-2018 Reg. Sess.). The prosecution opposed the petition, reiterating that Wagner was not convicted of murder under the felony murder rule or the natural and probable consequences doctrine. The prosecution further argued that because Wagner had previously raised the same claim in the 2019 petition, his second petition should be barred.

The trial court denied Wagner's second petition, on the basis that Wagner's prior petition had been "denied on the merits and that denial affirmed on appeal." In addition, Wagner "does not claim that any change in circumstances would allow him to file a renewed section 1170.95 petition." While the court appointed counsel to represent Wagner in connection with the second petition, on the day of counsel's first appearance, the court indicated that it had already reached its conclusion that the petition was denied. Wagner timely appealed from that order.[6]

---

[5] Wagner filed two resentencing petitions, one on May 24, 2022, and the second on June 1, 2022. As the two petitions are identical, we refer to them collectively as Wagner's second petition.

[6] On August 22, 2022, the Attorney General filed a letter brief opposing Wagner's motion to augment the record and requesting dismissal of the appeal. We granted the motion to augment and denied the request for dismissal without prejudice to the Attorney

On appeal, counsel filed an opening brief pursuant to the procedure set forth in *Delgadillo, supra*, 14 Cal.4th at pages 231-232. We notified Wagner that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Wagner filed a timely supplemental brief dated June 28, 2023 (2023 Supplemental Brief). In that brief, Wagner referenced a prior letter brief he had submitted to this court. Wagner's counsel subsequently provided us with a copy of that letter brief, dated August 26, 2022 (August 2022 Supplemental Brief). Wagner also filed a separate letter brief, dated November 8, 2022, approximately seven months before counsel filed the opening brief in this appeal (November 2022 Supplemental Brief). Having considered all three supplemental briefs, we conclude that Wagner does not raise an arguable issue on appeal.

We accordingly affirm the trial court's order.

## II. DISCUSSION

In his August and November 2022 supplemental briefs, Wagner argues that there was insufficient evidence to support his first degree murder conviction. He further argues in the November 2022 supplemental brief that the detectives in the underlying case violated a witness's constitutional rights during an interview, and that the witness's statements should not have been admitted at trial. Wagner also contends in the 2022 briefs that he is entitled to resentencing under section 1172.6 because he has made a prima facie showing that he was convicted of murder under a felony murder theory of the offense.[7]

---

General filing a new motion upon receipt of the record or raising the issue in briefing. The Attorney General has not filed a renewed motion to dismiss.

[7] In the August 2022 Supplemental Brief, Wagner requests that existing appellate counsel recuse himself and that we appoint new counsel to represent him. Because we conclude that Wagner does not raise an arguable issue on appeal, we respectfully decline Wagner's request.

4

In his 2023 supplemental brief, Wagner acknowledges that the trial court did not instruct the jury on either the felony murder rule or the natural and probable consequences doctrine. Nevertheless, Wagner contends that the jury could have imputed malice to him based solely on his participation in a crime. Relying on *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), Wagner argues that under the aiding and abetting instructions the trial court provided, "the jury was entitled to conclude that, to be guilty as an aider and abettor of first degree murder, [Wagner] need only have intended to encourage the perpetrator's intentional act—in this case an assault of the victim— whether or not [Wagner] intended to aid or encourage [the victim's] killing and whether or not he personally knew of and disregarded the risk of such a killing." In short, Wagner argues that the jury could have convicted him of murder as an aider and abettor without finding that he had personally acted with malice.

Wagner does not raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Wagner's admissibility and insufficiency of evidence claims are not cognizable on this appeal from an order denying resentencing. We affirmed the judgment in 2001, and that judgment is long final. (*Green, supra*, H018964.) "The mere filing of a [section 1172.6] petition does not afford [Wagner] a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) To the contrary, " '[n]othing in the language of [section 1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding . . . . The purpose of [section 1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' [Citation.]" (*Ibid*.)

5

Nor is Wagner's contention that he was convicted of felony murder arguable on appeal. Wagner had previously made this argument in his 2019 petition. Relying on jury instructions from the underlying trial, the trial court denied the petition at the prima facie stage, stating that the jury was not instructed on felony murder, and that "[i]n finding [Wagner] guilty of first degree murder, the jury necessarily found him culpable for murder based on his own actions and mental state as a direct aider and abettor of murder." Wagner appealed from the order and we affirmed the denial, concluding that the "record of conviction–namely the jury instructions–establish[ed] Wagner's ineligibility [under former section 1170.95] without the need for any factfinding." We do not revisit that conclusion here.

Finally, Wagner's contention that he was convicted of murder based on a theory of imputed malice is not arguable. Senate Bill No. 1437 amended section 188 to clarify that "[m]alice shall not be imputed to a person based solely on his participation in a crime." (Stats. 2018, ch. 1015, § 2; § 188, subd. (a)(3).) There was no imputed malice. Both Wagner and Green were convicted of first degree murder, not second degree, implied malice murder. The record of conviction shows that the trial court instructed the jury that to find Green (the direct perpetrator) guilty, it must find that she acted with *express malice*–i.e., an intent to kill. The trial court further instructed the jury that to find Wagner guilty "as an aider and abettor to the crime of murder," it must find that he had "knowledge of the perpetrator's *intent to kill unlawfully*," as well as "the intent or purpose of [aiding and abetting] *the commission of murder*."[8] (Italics added.) In

---

[8] The jury instruction set forth the four elements of aiding and abetting liability as follows: "In order to prove defendant Wagner guilty as an aider and [abettor] to the crime of murder, each of the following must be proven beyond a reasonable doubt: [¶] 1. Defendant Green personally killed another human being. [¶] 2. Defendant Green committed the killing with malice aforethought; [¶] and [¶] 3. Defendant Wagner had knowledge of the perpetrator's intent to kill unlawfully; and [¶] 4. With the intent or purpose of committing, encouraging, or facilitating the commission of murder, by act or

6

returning a guilty verdict against Wagner for first degree murder, the jury necessarily found that Wagner personally acted with malice.

Wagner's reliance on *Langi* is inapposite. In *Langi*, the defendant had been convicted of second degree murder and the court reversed the order denying his resentencing petition because it found that the aiding-and-abetting instructions created an ambiguity under which the jury could have found him guilty of aiding and abetting second degree murder *without* finding that he personally acted with malice. (See *Langi, supra*, 73 Cal.App.5th at p. 982.) No such ambiguity exists here.

Because Wagner raises no arguable issue in his supplemental briefs, we affirm the trial court's order.

### III. DISPOSITION

The order denying Wagner's resentencing petition is affirmed.

---

advice, aided, promoted, advised and encouraged or instigated the commission of murder."